UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IVETTE J. PEREZ,**

    **Plaintiff,**

v.                                          Case No. 8:16-cv-1171-T-AAS

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

## ORDER

Ivette J. Perez's counsel moves for an award of $18,909.75 in attorney's fees under 42 U.S.C. § 406(b). (Doc. 26). This request is unopposed.[1] (*Id.* at p. 4).

Ms. Perez applied for social security disability benefits, which was denied initially and on reconsideration. Ms. Perez then requested a hearing before an ALJ, who found Ms. Perez not disabled. (Tr. 24–39). The Appeals Council denied Ms. Perez's request for review of the ALJ's decision. (Tr. 1–6). Ms. Perez then filed a complaint in this court. (Doc. 1). The court remanded

---

[1] When the Commissioner does not object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

1

the ALJ's decision for further consideration, and the Clerk entered judgment for Ms. Perez. (Docs. 21, 22).

The Commissioner found Ms. Perez disabled on remand. The Social Security Administration withheld $18,909.75 from Ms. Perez's past-due benefits to pay her attorney's fees. (*See* Doc. 26-3, Ex. C). Ms. Perez's counsel now requests that award under 42 U.S.C. § 406(b). (Doc. 26).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Based on the fee agreement that Ms. Perez agreed her counsel could request twenty-five percent of past-due benefits for attorney's fees, an award of attorney's fees of $18,909.75 is appropriate. (*See* Doc. 26-3, Ex. A),

The court awarded Ms. Perez's counsel $7,170.80 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 24). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012). Ms. Perez's counsel must refund any attorney's fees awarded under the EAJA.

The Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 26) is **GRANTED.** Ms. Perez's counsel is awarded **$18,909.75** in attorney's

fees. Counsel must refund Ms. Perez any attorney's fees received under the EAJA.

**ORDERED** in Tampa, Florida on March 22, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge